```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


UNITED STATES OF AMERICA,

vs.                                    Case No. 2:01-cr-113-FTM-29DNF

YVENEL MATHIEU
_____
```

**OPINION AND ORDER**

This matter is before the Court on defendant Yvenel Mathieu's Motion for Relief From Judgement Pursuant to Rule 60(b) Fed. Rules of Civil Procedure to Correct a Manifest Injustice of Judicial Proceeding (Doc. #114), filed on May 1, 2006.

**I.**

On December 13, 1991, defendant Yvenel Mathieu (defendant or Mathieu) was named in an eight-count drug Indictment (Doc. #1). On September 24, 2002, the government filed an Information and Notice of Prior Convictions (Doc. #75) as to defendant. The government moved to dismiss Count One, and a jury convicted defendant of the other seven counts on September 26, 2002. (Docs. #76, 77, 84.) On January 6, 2003, defendant was sentenced to 151 months imprisonment on each count, and three years supervised release on Counts Two through Six and eight years supervised release on Counts Seven and Eight, all terms to run concurrently. (Doc. #87.) Defendant, through counsel, filed a Notice of Appeal (Doc. #88), and on

February 9, 2004, the Eleventh Circuit Court of Appeals affirmed the judgment and sentences. (Doc. #104.)

On May 24, 2004, defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255[1], and on December 27, 2004, the Court entered an Opinion and Order (Doc. #108) denying the motion. Defendant's request for a certificate of appealability (Doc. #110) was denied on February 7, 2005 (Doc. #111).

**II.**

Defendant seeks relief from his criminal conviction and sentence pursuant to Fed. R. Civ. P. 60(b), asserting: (1) he is actually innocent of the charges; (2) there was insufficient evidence presented at trial to convict him; (3) his sentence violated Booker[2]; and (4) the Court erred in denying his Rule 29(c) motion at the conclusion of the government's case because the evidence was insufficient to convict him. Rule 60(b) does not provide authority to grant relief from a judgment in a criminal case, and only applies to civil actions. United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Therefore, the motion is due to be denied on this basis.

Petitioner also cannot reopen his § 2255 petition pursuant to Federal Rule of Civil Procedure 60(b). In Gonzalez v. Crosby, 125 S. Ct. 2641, 2645-48 (2005) the Supreme Court held that a Rule

---

[1] See Case Number: 2:04-cv-289-FTM-29DNF.

[2] United States v. Booker, 543 U.S. 220 (2005).

2

60(b) motion which seeks reconsideration of the merits of a § 2255 petition, including a subsequent change in substantive law, sets forth a claim which is in substance a successive habeas petition, and must comply with the successive-petition rules of the Antiterrorism and Effective Death Penalty Act (AEDPA). Therefore, petitioner is required to obtain the permission of the Eleventh Circuit Court of Appeals prior to filing a successive § 2255 petition. 28 U.S.C. § 2255. The motion will also be denied on this basis.

### III.

Because of defendant's *pro se* status, the Court examines other potential bases of jurisdiction to consider his arguments. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).

The Motion cannot be considered under 28 U.S.C. § 2255. When a prisoner has previously filed a § 2255 motion, he must apply for and receive permission from the Court of Appeals before filing a successive § 2255 motion. 28 U.S.C. § 2244(b)(3); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996). Because defendant has previously filed a § 2255 motion and has not received the approval of the Court of Appeals to file another such motion, this provides no basis for review.

Defendant's motion also cannot be considered under 28 U.S.C. § 2241. The availability of habeas relief pursuant to 28 U.S.C. § 2241 is a question of law. Dohrmann v. United States, 442 F.3d

1279, 1280 (11th Cir. 2006). "Under the savings clause of § 2255,[3] a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), cert. denied, 540 U.S. 900 (2003). The restrictions on successive § 2255 motions do not, standing alone, render § 2255 inadequate or ineffective within the meaning of the savings clause. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Therefore, "a petitioner who has filed a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005). The savings clause applies only when (1) petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that petitioner was convicted of a nonexistent offense; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised at petitioner's trial, appeal, or first § 2255 motion. Wofford, 177 F.3d at 1244; Sawyer, 326 F.3d at 1365-

---

[3] The savings clause states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

66. All three of the criteria must be satisfied. <u>Flores v. McFadden</u>, 152 Fed. Appx. 913, 914 (11th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 2342 (2006). Petitioner cannot argue the merits of a claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that § 2255's savings clause applies to his claim. <u>Wofford</u>, 177 F.3d at 1244 n.3.

In this case, petitioner cannot satisfy the first prong of <u>Wofford</u> because none of the cases he relies upon apply retroactively. Neither <u>Booker</u> nor <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) apply retroactively on collateral review. <u>Varela v. United States</u>, 400 F.3d 864, 867-68 (11th Cir.)(citing <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2526-27 (2004)), <u>cert. denied</u>, 126 S. Ct. 312 (2005). <u>See</u> <u>also</u> <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005); <u>United States v. Rodriguez</u>, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that <u>Booker</u> is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will.") Defendant's other issues cannot be raised in a § 2241 motion because they were or should have been raised on direct appeal, and do not satisfy any of the savings clause requirements.

Upon further review, the Court finds no other possible basis of jurisdiction exists to consider defendant's claims. <u>See</u> <u>Avila v. United States</u>, Case No. 2:05-cv-266-FTM-29DNF, 2005 WL 3467670,

5

*4-5 (M.D. Fla. Dec. 19, 2005)[4].  Therefore, the motion will be denied.

Accordingly, it is now

**ORDERED**:

Yvenel Mathieu's Motion for Relief From Judgement Pursuant to Rule 60(b) Fed. Rules of Civil Procedure to Correct a Manifest Injustice of Judicial Proceeding (Doc. #114) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of October, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Assistant U.S. Attorney
Yvenel Mathieu

---

[4]Unpublished decision attached.